**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4143**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TERRENCE JAVON ALLEN, a/k/a Terrence Devon
Allen,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Rebecca Beach Smith,
District Judge. (CR-03-87)

———————————

Submitted:  February 11, 2005          Decided:  March 4, 2005

———————————

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————————

Keith L. Kimball, COLGAN, KIMBALL & CARNES, Virginia Beach,
Virginia, for Appellant. Paul J. McNulty, United States Attorney,
Robert E. Bradenham II, Assistant United States Attorney, Brian C.
Paschall, Third Year Law Student, Newport News, Virginia, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Terrence Javon Allen appeals the twenty-four month sentence imposed after he was convicted of escape, in violation of 18 U.S.C. § 751(a) (2000). We affirm Allen's conviction, but vacate his sentence and remand for re-sentencing.

In determining the applicable sentencing range under the Sentencing Guidelines,[*] the probation officer applied a base offense level of thirteen, which was reduced by four levels pursuant to USSG § 2P1.1(a)(1), (b)(3) because Allen escaped from a community corrections center. The probation officer then assessed a two-level enhancement for reckless endangerment. USSG § 3C1.2. Allen's total offense level was eleven, which, combined with his criminal history category of V, yielded an imprisonment range of twenty-four to thirty months. At sentencing, Allen objected to the enhancement for reckless endangerment, arguing that his flight did not create a substantial risk of death or serious bodily injury to another person. The district court overruled Allen's objection and sentenced Allen to twenty-four months in prison, three years of supervised release, and a $100 special assessment.

On appeal, Allen contends that the two-level enhancement for reckless endangerment constitutes plain error under the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004),

---

[*]U.S. Sentencing Guidelines Manual (2002) ("USSG").

- 2 -

and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and this court's decision in <u>United States v. Hughes</u>, __ F.3d __, 2005 WL 147059 (4th Cir. Jan. 24, 2005), because it was based upon facts not charged in the indictment or found by the jury. Allen does not contest his conviction or the validity of the district court's factual findings that supported application of the reckless endangerment enhancement.

In <u>Booker</u> the Supreme Court applied the <u>Blakely</u> decision to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the Sentencing Guidelines that is greater than a sentence based solely upon facts found by the jury. <u>Booker</u>, 125 S. Ct. at 752-56. Rather than totally invalidating the Guidelines, however, the Court held that the Guidelines are no longer binding on the district courts, but are advisory only. To effectuate this remedy, the Court severed two provisions of the Sentencing Reform Act (18 U.S.C. § 3553(b)(1), requiring sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e), setting forth standards of review on appeal). Sentencing courts are now required to consider the applicable guideline range, but may "tailor the sentence in light of other statutory concerns . . . ." <u>Booker</u>, 125 S. Ct. at 757.

In <u>Hughes</u> this court vacated Hughes's sentence and remanded for re-sentencing after concluding that the fourteen-level

enhancement of Hughes's offense level that was based upon facts not admitted by Hughes or found by the jury amounted to plain error that the court should recognize. 2005 WL 147059, at *1, 4-5. The court directed sentencing courts to calculate the appropriate guideline range in accordance with pre-Booker practice, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (2000), and impose a sentence. If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Hughes, 2005 WL 147059, at *3.

In this case, as in Hughes, Allen's sentence was determined by application of the Guidelines as a mandatory determinant in sentencing. Moreover, the two-level enhancement for reckless endangerment applied by the district court was based upon facts not found by the jury, as that issue was not presented to the jury in the indictment or by special verdict form. Finally, the two-level enhancement affected Allen's substantial rights, as it resulted in a Guideline range of twenty-four to thirty months, rather than one of eighteen to twenty-four months. It is impossible to determine on the present record whether the district court would have chosen to sentence Allen to twenty-four months under either of these ranges, or would have chosen a sentence at the bottom of the lower range and imposed eighteen months of incarceration. We therefore conclude that the district court erred

in determining Allen's sentence, that the error was plain and affected Allen's substantial rights, and that we should exercise our discretion to notice the error.

Accordingly, we grant Allen's motion to expedite, affirm his conviction, vacate the sentence imposed by the district court, and remand for reconsideration of the sentence in accordance with <u>Booker</u> and <u>Hughes</u>.  The mandate shall issue forthwith.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>